STEEBY v SCHOOL DISTRICT OF THE CITY OF HIGHLAND
PARK

1. SCHOOLS AND SCHOOL DISTRICTS—TEACHERS—BOARDS OF EDUCATION
   —ELIMINATION OF TEACHING POSITION.

   A teaching position may be eliminated by a board of education
   because of economic factors even though there is no express
   statutory authority for such action.

2. SCHOOLS AND SCHOOL DISTRICTS—STATUTES—TEACHERS TENURE ACT
   —TERMINATION OF SERVICES—NOTICE.

   Provisions of the teachers tenure act which require a school
   board to give notice 60 days prior to the close of the school year
   to a probationary teacher whose contract is not being renewed,
   or to a teacher against whom charges concerning the character
   of professional services are being brought, do not apply to
   teachers with tenure whose services are being terminated and
   positions eliminated because of economic reasons (MCLA 38.85,
   38.102).

3. SCHOOLS AND SCHOOL DISTRICTS—TEACHERS—TERMINATION OF SER-
   VICES—RIGHT TO HEARING.

   A teacher has no statutory right to a hearing before the board of
   education when his position has been terminated as the result
   of a reduction in personnel rather than because of personal
   charges against him.

4. SCHOOLS AND SCHOOL DISTRICTS—STATUTES—TEACHERS TENURE ACT
   —TERMINATION OF SERVICES—VACANCIES.

   The protection offered by the teachers tenure act to a teacher
   with tenure whose services have been terminated because of a
   reduction in personnel is that such teacher thereby terminated
   shall be appointed to the next vacancy (MCLA 38.105).

Appeal from Wayne, Richard M. Maher, J. Sub-

REFERENCES FOR POINTS IN HEADNOTES

[1, 3] 68 Am Jur 2d, Schools § 185.
[2, 4] 68 Am Jur 2d, Schools § 149 *et seq.*

mitted Division 1 June 6, 1974, at Detroit. (Docket No. 17336.) Decided November 6, 1974. Leave to appeal denied, 393 Mich 802.

Complaint by Wesley Steeby, George Quinnell, Russell Pratt, Paul Merritt, and Alan Becker against the School District of the City of Highland Park requesting a hearing prior to termination of employment. Judgment for defendant. Plaintiffs appeal by leave granted. Affirmed.

*Fieger, Golden & Cousens,* for plaintiffs.

*Miller Canfield, Paddock & Stone* (by *James E. Tobin),* for defendant.

Before: BRONSON, P. J., and V. J. BRENNAN and VAN VALKENBURG,* JJ.

VAN VALKENBURG, J. Plaintiffs, tenure teachers at Highland Park Community College, were advised on May 21, 1970 that their contracts would not be renewed for the following year because of the necessity to eliminate certain teaching positions because of declining enrollment and decreasing funds. Plaintiffs requested a hearing before the Board of Education of defendant school district, a request which was denied by the board on the basis that such a hearing was not required by the teacher tenure act in cases of reduction of personnel. Plaintiffs appealed to the State Tenure Commission urging that a 60-day notice was required and that they were entitled to a hearing before the board. The commission affirmed the board, holding that the notice and hearing provisions of the tenure act did not apply in cases of reduction of personnel due to economic reasons. Plaintiffs then

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

appealed to circuit court, which affirmed, and now appeal to this Court on leave granted.

The question before this Court is:

*Must tenure teachers be given a written 60-day notice and a hearing before the board of education, when, for economic reasons, their contracts are not renewed for the coming school year?*

Plaintiffs do not seriously contest the fact that the board of education can eliminate teaching positions because of economic factors. While there is no express statutory authority for terminating a teaching position because of lack of funds, MCLA 38.105; MSA 15.2005 provides:

"Any teacher on permanent tenure whose services are terminated because of a necessary reduction in personnel shall be appointed to the first vacancy in the school district for which he is certified and qualified."

Implicit in this language is the conclusion that school districts are excused from offering a tenure teacher a contract of employment when it is necessary to reduce personnel. See *Bruinsma v Wyoming Public Schools,* 38 Mich App 745; 197 NW2d 95 (1972). See also generally Anno., *Right to dismiss public school teacher on grounds that services are no longer needed,* 100 ALR2d 1141, §§ 7–16, pp 1158–1181 and *Funston v District School Board,* 130 Or 82; 278 P 1075 (1929).

As to the question of notice, it must be noted that we are here concerned with whether notice must be given 60 days before the end of the school year. There is no question that notice was in fact given, the only question being whether it was timely given. Plaintiffs argue that the 60-day notice provisions of MCLA 38.83; MSA 15.1983 and MCLA 38.102; MSA 15.2002 should be applied. As

appealing as their argument might be, it is clear that neither of these sections are applicable here. MCLA 38.83, *supra,* is specifically limited by its own language to probationary teachers or teachers not on continuing contracts, and is thus not applicable to tenure teachers. Likewise, MCLA 38.102, *supra,* provides that "charges concerning the character of professional services shall be filed at least 60 days before the close of the school year". Since we are not concerned with charges concerning the character of professional services, MCLA 38.102, *supra,* does not apply.

We are not unaware of the fact that there is also a 90-day notice provision with respect to the renewal of contracts for superintendents, principals, guidance directors and school administrators.[1] While it may seem strange that the Legislature has provided that these temporal notice requirements with respect to superintendents, etc., probationary teachers and tenure teachers where charges concerning the character of these professional services is being brought, and yet make no similar provision with respect to tenure teachers where their services are being terminated because of economic reasons, this Court cannot add that which the Legislature has chosen to leave out. The change, if any, must come at the hands of the Legislature, not this Court.

As to the question of a right to a hearing before the local board of education, the statutory right to a hearing is invoked by bringing and acting upon "charges". MCLA 38.101; MSA 15.2001; MCLA 38.102, *supra.* Since here no charges have been

---

[1] MCLA 340.66; MSA 15.3066.
MCLA 340.119; MSA 15.3119.
MCLA 340.161; MSA 15.3161.
MCLA 340.201; MSA 15.3201.

brought against the teachers, the statutory right to a hearing does not apply. Indeed, there would appear to be no real reason for a hearing where the reason for termination is a reduction in personnel rather than personal charges against a teacher, since the purpose of the hearing is to provide the opportunity for the teacher to answer the charges being brought against him. The protection which the act provides where the termination is the result of a reduction of personnel is not that of a pointless hearing but is rather that found in MCLA 38.105, *supra,* which provides that those tenure teachers thereby terminated shall be appointed to the next vacancy.

Affirmed. No cost, a public question.

All concurred.