GOODWIN v BOARD OF EDUCATION OF THE SCHOOL DISTRICT
OF THE CITY OF KALAMAZOO

Docket No. 30680. Submitted June 13, 1977, at Lansing.—Decided
April 17, 1978.

Robert I. Goodwin, a tenured teacher, accepted an administrative
position of Director of Buildings and Grounds with the Kalama-
zoo School District. Subsequently, plaintiff was advised that
this position was being eliminated and he accepted a lower
paying job as Supervisor of the Stockroom, reserving all rights
to his previous position. A petition was filed with the State
Tenure Commission alleging violation of the tenure act by
discharging and/or demoting plaintiff and ignoring his rights
under the tenure act. The tenure commission ruled that plain-
tiff had tenure but no right to a hearing in an economic layoff
situation and that plaintiff's petition was untimely filed because
it was filed after the thirty-day statute of limitations period.
Plaintiff appealed to Ingham Circuit Court, James T. Kallman,
J., and that court held that plaintiff's petition was timely filed
because the statute of limitations was tolled until plaintiff was
notified of his rights under the act. Defendant appeals. During
the time the above case was being processed through circuit
court, plaintiff filed another petition with the tenure commis-
sion when the Supervisor of the Stockroom position was being
eliminated and he accepted a position as junior high school
teacher with a full reservation of rights. This time the commis-
sion decided that only certified administrative positions could
gain tenure and since the Director of Buildings and Grounds
position did not require certification plaintiff did not have
tenure and the commission had no jurisdiction to hear his
appeal. With knowledge of this second decision, the Court of

REFERENCES FOR POINTS IN HEADNOTES
[1] 68 Am Jur 2d, Schools § 149 *et seq.*
[2] 68 Am Jur 2d, Schools §§ 151, 155, 158.
[3, 5] 68 Am Jur 2d, Schools §§ 37–55.
[4] 68 Am Jur 2d, Schools §§ 158–160.
[6] 68 Am Jur 2d, Schools §§ 149–160.
[7] No reference.
[8–11] 68 Am Jur 2d, Schools §§ 151, 158–160.

Appeals determined that it should consider the appeal before it in the light of the second commission ruling. *Held:*

1. Plaintiff achieved tenure in the position of Director of Buildings and Grounds and the tenure commission had jurisdiction to hear his appeal.

2. Whether a tenured teacher who accepts an administrative position is to be granted tenure is to be determined by contract between the teacher/administrator and the school board.

3. The circuit court ruling that the thirty-day statute of limitations was tolled because plaintiff was not notified of his right to appeal under the tenure act should be affirmed.

4. The tenure commission is responsible for factual determinations as to whether a school board's decision to reduce personnel is in good faith or an excuse for wrongful discharge or demotion when a teacher alleges such action is a mere subterfuge to deny a teacher his rights under the tenure act.

Affirmed in part and remanded for factual findings.

1. SCHOOLS AND SCHOOL DISTRICTS—STATUTES—TEACHERS' TENURE ACT—TENURE—RIGHT OF APPEAL.

Those who have achieved tenure status in a school district are granted a statutory right to appeal a tenure related decision of a school board to the tenure commission (MCLA 38.121; MSA 15.2021).

2. SCHOOLS AND SCHOOL DISTRICTS—TEACHERS' TENURE ACT—TENURED TEACHERS—ADMINISTRATIVE POSITIONS—SCHOOL BOARDS—ADMINISTRATIVE TENURE.

The tenure statute authorizes individual school districts to determine which administrative positions should carry tenure and whether a tenured teacher who accepts an administrative position is to be granted tenure is to be determined by contract between the teacher/administrator and the school board; the statute should not be interpreted to dictate categories of administrative positions which carry tenure as a matter of law (MCLA 38.91; MSA 15.1991).

3. SCHOOLS AND SCHOOL DISTRICTS—TEACHERS' TENURE ACT—ADMINISTRATORS—ADMINISTRATIVE TENURE.

A school district has some flexibility in establishing what types of administrative positions should carry tenure status; the statute does not dictate uniform tenure policies for administrators in all school districts and administrative tenure policies can be tailored to the size of the school district; each school board's administrative tenure decisions are to be given effect through

contract provisions between the board and administrators (MCLA 38.91; MSA 15.1991).

4. SCHOOLS AND SCHOOL DISTRICTS—TEACHERS—TENURE—ADMINIS-
TRATORS—ADMINISTRATIVE TENURE.

A tenured teacher, acting as an administrator, is to be granted tenure in the administrative position unless the contract with the school board specifies that tenure is to be denied.

5. SCHOOLS AND SCHOOL DISTRICTS—TEACHERS—TENURE—SCHOOL
BOARD POLICIES—ADMINISTRATIVE TENURE—TENURE COMMIS-
SION—INTERPRETATION OF CONTRACT.

The tenure commission need not look to the policies behind a school board's decision to accord tenure to particular administrative positions; their task is to determine whether an individual administrator's contract grants or denies tenure to that administrator.

6. SCHOOLS AND SCHOOL DISTRICTS—TENURE COMMISSION—TEACHER
TENURE DISPUTE—FINDINGS OF FACT.

The tenure commission must evaluate the circumstance surrounding the termination of a tenured party and make factual findings.

7. LIMITATION OF ACTIONS—SCHOOLS AND SCHOOL DISTRICTS—TEACH-
ERS—TENURE—STATUTES.

A thirty-day statute of limitations is imposed on appeals to the teachers' tenure commission (MCLA 38.121; MSA 15.2021).

8. SCHOOLS AND SCHOOL DISTRICTS—TEACHERS' TENURE ACT—REDUC-
TION IN PERSONNEL—GOOD FAITH—SUBTERFUGE—TENURE COM-
MISSION—REVIEW—FACTUAL DETERMINATIONS.

The tenure commission has the responsibility to make a factual determination as to whether a school board's decision to reduce personnel is in good faith or an excuse for a wrongful discharge or demotion where a teacher alleges his demotion or discharge on the grounds of necessary reduction in personnel is a mere subterfuge to deny a teacher his rights under the tenure act; if the school board's declaration that a reduction in personnel is necessary is unreviewable, then the board is free to evade the limitations on its authority imposed by the teachers' tenure act.

9. SCHOOLS AND SCHOOL DISTRICTS—SCHOOL BOARDS—ARBITRARY DE-
CISIONS—REDUCTIONS IN PERSONNEL—TENURE COMMISSION—RE-
VIEW.

The tenure commission is empowered to review a school board's

action to insure that the board does not make arbitrary decisions under the guise of necessary reductions in personnel.

10. Schools and School Districts—Tenure Commission—Appeal and Error—Right to Appeal—Reduction in Personnel—Economic Necessity.

A school board can forestall appeals to the tenure commission which are based upon allegations that a reduction in personnel was a mere subterfuge to deny a teacher his rights, by notifying the teacher of his right to appeal his termination whether it is claimed that the termination is for cause or economic necessity.

11. Schools and School Districts—Appeal and Error—Statute of Limitations—Tolling—Right to Appeal—Notice—Tenure Act—Liberal Construction—Purpose of Act—Protection of Teachers.

The thirty-day statute of limitations for appeals to the tenure commission should be tolled until a teacher is notified of his right to appeal; the teachers' tenure act must be construed liberally in favor of protecting teachers' rights and a major purpose of the act is to eliminate arbitrary and capricious demotions or dismissals by boards of education; therefore, by allowing a board to disguise a discharge or demotion for cause as one for economic necessity and not notify the teacher of his or her right to appeal would undermine a major purpose of the tenure act.

*Foster, Swift & Collins, P. C.* (by *Arthur R. Przybylowicz),* for plaintiff.

*Combs, Huff & Carey,* for defendant.

Before: D. E. Holbrook, Jr., P. J., and Allen and D. R. Freeman,* JJ.

D. E. Holbrook, Jr., P. J. This case arises under the teacher tenure act[1] and deals with a tenured teacher's right to appeal to the State Tenure Commission (hereafter "tenure commission" or "commission") when the teacher, here acting in an

---

* Circuit judge, sitting on the Court of Appeals by assignment.

[1] MCLA 38.71 *et seq.;* MSA 15.1971 *et seq.*

administrative capacity, alleges a dismissal or demotion for economic necessity is a subterfuge for a dismissal or demotion for cause.

There is little dispute about the facts. The plaintiff, Robert Goodwin, commenced his employment with the defendant, Kalamazoo Board of Education, at the beginning of the 1960–1961 school year. Subsequently he gained tenure as a classroom teacher. In October 1965 plaintiff accepted an administrative position as Assistant Director of Buildings and Grounds and in July 1970 he accepted the position of Director of Buildings and Grounds.

At the beginning of the 1973–1974 school year the defendant advised plaintiff that the position of Director of Buildings and Grounds was being eliminated. Plaintiff reluctantly accepted a lower paying position as Supervisor of the Stockroom and expressly reserved all rights he had in his previous position. Seven months later plaintiff filed a petition with the tenure commission alleging the defendant school board violated the tenure act by "discharging and/or demoting the plaintiff, within the meaning of the tenure act, while completely ignoring the plaintiff's rights under the teacher tenure act including reasonable and just cause, proper filing of charges, a hearing or statement of rights, and/or any other rights guaranteed him under Article IV, § 5 of the act."[2] Defendant countered, claiming the position was no longer necessary and that plaintiff was not discharged or demoted and therefore not entitled to charges, a hearing or statement of rights or any other procedures required when dismissing a tenured teacher for cause.

The tenure commission rendered a decision, ex-

---

[2] MCLA 38.105; MSA 15.2005.

pressly finding that plaintiff had tenure as Director of Buildings and Grounds, but also finding that there was no right to a school board hearing in an economic layoff situation and that plaintiff's petition with the commission was untimely filed since filed after the 30-day statute of limitation period.[3]

Plaintiff appealed the commission's decision to circuit court and the court held that when a teacher alleges a termination for economic necessity is a mere subterfuge for what is in fact a discharge for cause and absent a showing of prejudice in the late filing by the school board, the 30-day statute of limitation for appeals to the tenure commission is tolled until a teacher is notified of his rights under the act. The court held that plaintiff's petition was timely filed.[4] Defendant's appeal of this circuit court order is the subject of this appeal.

Before reaching the merits, however, we note a second decision of the tenure commission involving the same parties. Before the beginning of the 1975–1976 school year plaintiff was notified that the position of Supervisor of the Stockroom was being eliminated. Plaintiff accepted a position as a junior high school teacher with full reservation of rights and appealed again to the tenure commission. An important aspect of this second commission decision was its conclusion that one may gain tenure in an administrative position only where "certification"[5] is required for that position. Since the Director of Buildings and Grounds did not require certification, the commission concluded that the plain-

---

[3] MCLA 38.121; MSA 15.2021.

[4] *See* text of the circuit court order, *infra.*

[5] "Certification" is defined and granted by the Michigan Department of Education and, in general, indicates qualification for a particular position, whether teaching or administrative.

tiff could not gain tenure in that position. The commission therefore determined that it did not have jurisdiction to hear plaintiff's appeal.

Since the commission's second decision amounts to a reversal of its first decision, upon which the circuit court order is based, and since both parties have argued various aspects of the commission's second decision, we must consider this case in light of the second commission ruling.

I

The first question is whether the tenure commission has jurisdiction to hear plaintiff's appeal. Those who have achieved tenure status in a school district are granted a statutory right to appeal a tenure-related decision to the commission. MCLA 38.121; MSA 15.2021. We conclude that since plaintiff was granted tenure as Director of Buildings and Grounds,[6] the commission has jurisdiction to hear his appeal.

The parties clash over the issue of whether plaintiff did, or even could, gain tenure as Director of Buildings and Grounds. The issue of "administrative tenure" has been extensively briefed by both parties and is addressed in the tenure commission's second opinion. Because a resolution of this issue is central to plaintiff's case and apparently a question of first impression, we examine it now.

Each party argues legislative history supports their respective interpretations of MCLA 38.91; MSA 15.1991. Defendant school board and the tenure commission argue that the only positions in which a teacher can gain non-classroom teacher

---

[6] We note also that plaintiff retains his tenure as a classroom teacher despite promotions to, or demotions from, administrative positions. MCLA 38.91; MSA 15.1991.

tenure are those positions which require "certification" by the State Board of Education. The commission contends its expertise lies in the area of educational instruction and not in all aspects of running a K-12 school district. Accordingly, the school board and commission reason, since the Director of Buildings and Grounds does not require certification nor does it involve instructional supervision, plaintiff could never gain tenure in such a position. On the other hand, plaintiff argues that one may acquire tenure in those administrative positions which require the exercise of "supervisory and/or policy-making authority". Plaintiff appends his official job description and argues he should be granted tenure since his job responsibilities include supervisory and personnel policy decisions. Essentially defendant, plaintiff and commission argue that the spirit of MCLA 38.91; MSA 15.1991 does or does not encompass plaintiff's position and urge us to find certain types of positions are included by or excluded from the statute as a matter of law.

Our interpretation of MCLA 38.91; MSA 15.1991 does not adopt the conclusion of either party or the tenure commission. We read the statute as authorizing individual school districts to determine which administrative positions should carry tenure. Whether a tenured teacher who accepts an administrative positions is to be granted tenure is to be determined by *contract* between the teacher/administrator and school board. We reject the contentions of the parties and the commission that the statute should be interpreted to dictate categories of administrative positions which carry tenure as a matter of law. Only when a statute is ambiguous is a court forced to examine legislative intent. *Collins v Motorists Mutual Insurance Co,*

36 Mich App 424, 430; 194 NW2d 148 (1971). We believe the statute is clear on its face.

Prior to the 1963 amendment, the forerunner of MCLA 38.91; MSA 15.1991 read in pertinent part:

"After the satisfactory completion of the probationary period, a teacher shall be employed continuously by the controlling board under which the probationary period has been completed, and shall not be dismissed or demoted except as specified in this act: Provided, however, That when the controlling board of any school district *shall specifically provide in each contract* of employment of any *teacher employed as superintendent, assistant superintendent, or principal, made with such teacher* after the completion of the probationary period, *that such teacher shall not be deemed to be granted continuing tenure in such administrative capacity* by virtue of such contract of employment, *then such teacher shall not be granted tenure in such administrative capacity* but shall be deemed to have been granted continuing tenure as an active classroom teacher in such school district." (Emphasis supplied.)

In short, the 1941 act allowed the school board to prevent, by contract, a tenured teacher who was serving as a superintendent, assistant superintendent or principal from gaining tenure in these particular positions. Absent an express contractual exclusion, the teacher would gain tenure in the particular administrative position.

In 1963 the statute was amended accordingly (deletions are lined through; additions are in all capitals):

"Sec. 1. After the satisfactory completion of the probationary period, a teacher shall be employed continuously by the controlling board under which the probationary period has been completed, and shall not be dismissed or demoted except as specified in this act.

Provided, however, That when IF the controlling board of any school district shall specifically provide in each A contract of employment of any teacher employed OTHER THAN as A CLASSROOM TEACHER, INCLUDING BUT NOT LIMITED TO, A superintendent, assistant superintendent, or principal, DEPARTMENT HEAD OR DIRECTOR OF CURRICULUM, made with such teacher after the completion of the probationary period, that such teacher shall not be deemed to be granted continuing tenure in such administrative capacity by virtue of such contract of employment, then such teacher shall not be granted tenure in such administrative capacity, but shall be deemed to have been granted continuing tenure as an active classroom teacher in such school district."

This amendment expanded the categories in which a teacher could gain, or be excluded by contract from gaining, tenure in administrative capacities. The "including but not limited to" language allows a school district some flexibility in establishing what types of administrative positions should carry tenure status.

In view of the wide range in size of school districts, the statute enables local school boards to tailor their administrative tenure policies accordingly. The statute does not attempt to dictate uniform tenure policies for administrators in all school districts. One school board may not wish to allow school principals to gain tenure while another board may wish to allow the supervisor of the stockroom to gain tenure. These are decisions to be made by each school board and are to be given effect through contract provisions between the board and administrators.

If the contract of a tenured teacher acting as an administrator does not specify the individual is to be denied tenure, the statute stipulates that the individual is to be granted tenure in the adminis-

trative position. If the board does not want to grant tenure, it simply inserts a contractual provision denying tenure. The commission's claims of lack of expertise in noninstructional fields are beside the point. Their task is to determine whether an individual administrator's contract grants or denies tenure to that administrator. The commission need not look to the policies behind a school board's decision to accord tenure to particular positions.

In view of the commission's two decisions that plaintiff's contracts as Director of Buildings and Grounds did not deny him tenure, plaintiff has achieved tenure in that position. The commission's second decision denying tenure is erroneous since it relies on an incorrect interpretation of the statute.

However, we do not intend to imply a tenured position may not be validly eliminated or what plaintiff's remedy or relief, if any, may be. Further we express no opinion as to whether plaintiff's termination as Director of Buildings and Grounds was due to a valid or invalid reduction in personnel. The commission must evaluate the circumstances surrounding plaintiff's termination and make factual findings. Our remand to the commission is necessary because the commission erroneously prejudged plaintiff's claim on jurisdictional grounds rather than reaching the merits.

## II

Since we conclude that the commission has jurisdiction we must address the issue of whether plaintiff's petition was timely filed with the commission. As noted above, MCLA 38.121; MSA 15.2021 imposes a 30-day statute of limitations for appeals to the commission. Plaintiff filed his ap-

peal approximately seven months after the school board's decision. The circuit court agreed with plaintiff that the 30-day limitation did not bar his appeal. The trial court issued the following order:

"1. The 30-day limitation for the filing of a petition with the State Tenure Commission in Article VI, § 1, of the Teacher Tenure Act does not bar a petition when a teacher alleges that his termination as a necessary reduction in personnel is a mere pretext for his discharge unless the controlling board of education has provided the teacher with notice of his rights under the Tenure Act and the controlling board proves actual prejudice resulting from the delay in filing the petition.
"2. The Petition of Appellant Robert Goodwin was timely filed with the State Tenure Commission because the Appellee Board of Education has not provided the Appellant with notice of his rights under the Teacher Tenure Act and actual prejudice to the Appellee resulting from the delay in filing has not been shown."

We agree with the trial court.

When a teacher alleges his demotion or discharge on the grounds of "necessary reduction in personnel" is a mere subterfuge to deny a teacher his or her rights under the tenure act, the tenure commission has the responsibility to make a factual determination as to whether the board's decision is in good faith or an excuse for a wrongful discharge or demotion. *Freiberg v Board of Education of Big Bay De Noc School District,* 61 Mich App 404, 414; 232 NW2d 718 (1975). In *Freiberg* the Court reasoned:

"If the school board's declaration that a reduction in personnel is necessary is unreviewable, then the board is free to evade the limitations on its authority imposed by the teachers' tenure act." 61 Mich App at 414.

To ensure a board does not make arbitrary actions

under the guise of "necessary reductions in personnel", the tenure commission is empowered to review the board's action.

In *Biberstine v Port Austin Public School District No. 9,* 51 Mich App 274; 214 NW2d 729 (1974), *lv den,* 392 Mich 766 (1974), the Court held that the 30-day statutory limitation for filing an appeal with the tenure commission is tolled when the board of education fails to give a teacher written notice of charges and a statement of rights under the act. Such notice and statement of rights, as well as a hearing, are required under MCLA 38.102; MSA 15.2002 upon discharge or demotion of a tenured teacher. However, notice, charges and a school board hearing need not be given when a teacher's position is being eliminated due to a lack of funds. *Steeby v School District of the City of Highland Park,* 56 Mich App 395; 224 NW2d 97 (1974). In *Steeby* the Court concluded that there would be no real reason for "charges" or a school board hearing in an economic discharge situation since the teacher's conduct or performance is not being called into question. There is no discussion whatever in *Steeby* regarding a teacher's right to appeal an economic termination decision to the tenure commission.

A 30-day statute of limitations is an extremely rigorous requirement. In concluding the statute was tolled unless a teacher is given proper notification of his or her rights, the Court in *Biberstine* was obviously concerned that teachers will be unaware of the brief 30-day appeal period.

"In light of the board's failure to notify the plaintiff of his rights under the teachers' tenure act, *it is not unlikely that plaintiff was unaware of his right to appeal to the State Tenure Commission.* We hold, therefore, that *where, as here, a board of education attempts*

*to discharge a tenure teacher without fully complying
with the various provisions of the teachers' tenure act,
the 30-day limitation* in which the teacher has to appeal to the State Tenure Commission *is tolled until
such time as the school board makes its decision in
accordance with the teachers' tenure act.* Our holding is
based upon sound reasoning and common sense. *To rule
otherwise would permit a school board to unilaterally
circumvent the procedural safeguards of the teachers'
tenure act by its own wrongdoing."* (Emphasis supplied.)
51 Mich App at 278.

While *Biberstine* deals with a situation where the
school board was discharging for cause, the statutory appeal period is the same in an economic
termination case and the need for notification of
the teacher's right to appeal is equally great.

We must read *Biberstine* in light of *Freiberg.* If
a teacher is to be afforded the right to tenure
commission review of a board's "economic necessity" termination, the teacher must be properly
notified of his or her right to that review. When,
as here, a teacher alleges that a termination for
economic necessity is a mere subterfuge, he or she
is, in effect, alleging that the termination is a
discharge or demotion without reasonable cause.
To allow a board to discharge on the pretext of
economic necessity, not inform the teacher of appeal rights and then hold the teacher to the 30-day
limit would allow the board to profit from its own
wrongdoing.

Defendant school board argues that it will never
know when a teacher will allege a discharge is a
subterfuge and a teacher may challenge a termination months or years after it occurs. We agree
with the trial judge's response to this argument—
to forestall any appeals after the 30-day period the
board can notify a teacher of the right to appeal a
termination, whether for cause or economic neces-

sity. Presumably a teacher will be notified of an economic termination in writing so it would not seem too great a burden to append a statement of the right to appeal to the tenure commission.

The teachers' tenure act must be construed liberally in favor of protecting teachers' rights. *Weckerly v Mona Shores Board of Education,* 388 Mich 731, 734; 202 NW2d 777 (1972), *Freiberg, supra,* at 412. A major purpose of the act is to eliminate arbitrary and capricious demotions or dismissals by boards of education. By allowing a board to disguise a discharge or demotion for cause as one for economic necessity and not notify the teacher of his or her right to appeal would undermine a major purpose of the tenure act.

We therefore hold that the 30-day statute of limitations for appeals to the tenure commission is tolled until a teacher is notified of his right to appeal. This holding is not in any way in conflict with *Steeby, supra,* which deals only with charges, notice and hearing before the school board in an economic layoff situation and does not deal with notification of a teacher's right to appeal to the tenure commission.

Affirmed and remanded to the teachers' tenure commission for factual findings. No costs, interpretation of a statute being involved.