McKEE v WOODHAVEN PUBLIC SCHOOLS

Docket No. 48142. Submitted June 5, 1980, at Lansing.—Decided
September 16, 1980. Leave to appeal applied for.

Alexander McKee, a tenured teacher, was hired for an adminis-
trative position by the Woodhaven Public Schools. A written
contract provided that McKee would not have tenure as an
administrator. After expiration of the contract McKee contin-
ued to work in an administrative capacity through three more
school years, without further written contracts. The position he
held was then dissolved by the school board and McKee was
notified that he was to be assigned as a classroom teacher. He
requested a hearing before the board which was denied, and
appealed to the State Tenure Commission, alleging that he had
acquired administrative tenure and was being improperly de-
moted. The Tenure Commission ruled in favor of the school
district, and McKee appealed to the Ingham Circuit Court,
which reversed, finding that the Tenure Commission had made
a substantial error of law, and ordered that McKee be rein-
stated to an administrative position, with retroactive benefits,
Robert Holmes Bell, J. The school district appeals. Held:

In the absence of an express contractual exclusion, a tenured
teacher employed in an administrative position gains adminis-
trative tenure. Such contracts are required by statute to be in
writing. Because there was no written contract in this case
after expiration of the initial contract, McKee did gain tenure
in his administrative position. The circuit court properly held
that the Tenure Commission had committed a clear and sub-
stantial error of law.

Affirmed.

1. SCHOOLS — TEACHERS — ADMINISTRATORS — TENURE — STATUTES.

A tenured teacher employed in an administrative position gains
tenure in the administrative position in the absence of an

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 68 Am Jur 2d, Schools § 152
Construction and effect of tenure provisions of contract or statute
governing employment of faculty member by college or univer-
sity. 66 ALR3d 1018.

express contractual exclusion of administrative tenure (MCL 38.91; MSA 15.1991).

2. SCHOOLS — TEACHERS — ADMINISTRATORS — TENURE — STATUTES.

A school district wishing to deny administrative tenure to a teacher who is employed in an administrative capacity bears the burden of expressly denying such tenure in a written contract with the teacher; provision of a written contract is an affirmative duty of the school district (MCL 38.91, 380.132[2]; MSA 15.1991, 15.4132[2]).

*Richard B. Bailey,* for plaintiff.

*Clark, Hardy, Lewis, Fine & Pollard, P.C.* (by *William G. Albertson* and *Richard M. Tuyn),* for defendant.

Before: DANHOF, C.J., and M. J. KELLY and G. R. CORSIGLIA,* JJ.

G. R. CORSIGLIA, J. After achieving teacher tenure status in another school district, plaintiff Alexander McKee was hired as a tenured teacher for an administrative position in the Woodhaven Public School District for the 1972-1973 school year. The written contract of employment signed by both parties contained a provision providing that plaintiff would not have tenure as an administrator. It bore a termination date of June 30, 1973.

Plaintiff continued to work for the district in an administrative capacity beyond the termination date, and without further written contract. In June of 1975 the defendant school district offered a written contract to plaintiff for his signature. The contract contained a provision precluding administrative tenure, and consequently McKee (and several others in a similar position) refused to sign the contract, because they believed that executing

* Circuit judge, sitting on the Court of Appeals by assignment.

the contract would be "signing away our tenure rights".

Nevertheless, the defendant school district continued to employ McKee, and at the beginning of the 1975-1976 school year he was assigned the administrative title of "Acting Middle School Principal". He received an increase in salary commensurate with his increased administrative duties. In December of 1975, McKee was formally promoted to this position, and held the title until the events which precipitated this appeal.

McKee's administrative position was dissolved by board resolution in March of 1977, and in April he was notified that his assignment for the next academic year would be as an elementary classroom teacher. He requested a hearing before the board of education which was denied. He then appealed to the State Tenure Commission, alleging that he had acquired administrative tenure and was being improperly demoted. The commission ruled in favor of the school district, and McKee filed an appeal with the Ingham County Circuit Court.

The circuit judge reversed the Tenure Commission. He found that the statutory construction made by the commission was a "substantial and material error of law". He stated: "MCLA 380.132(2) operates, at best, to renew the written employment contract to an expressly limited period of one additional year." He ordered reinstatement of McKee to an administrative position consistent with his tenure, and retroactive benefits.

The School Code of 1955, MCL 341.1 *et seq.;* MSA 15.3001 *et seq.,* now superseded by The School Code of 1976, MCL 380.1 *et seq.;* MSA 15.4001 *et seq.,* provides the basic framework for governing the public school districts in Michigan.

It includes provisions governing administrative tenure which have been construed in the light of other acts. The teacher's tenure act, MCL 38.71 *et seq.;* MSA 15.1971 *et seq.,* as amended, which dates back to the 1930's, provides for tenure for certificated teachers in the Michigan public schools.

McKee was both a teacher and an administrator. As such, certain of the provisions of the statutes interact to govern his rights. See *Bode v Roseville School District,* 405 Mich 517; 275 NW2d 472 (1979). However, our decision in this case is based upon the statutory construction of the language of the school code requiring a written contract and the plaintiff's status as a teacher is of only collateral importance.

This is a case of first impression in Michigan. The provision at issue between the parties is MCL 380.132(2); MSA 15.4132(2), which is essentially identical in all relevant parts to its predecessor statute, MCL 340.66; MSA 15.3066.[1] The provision states:

"(2) The board may employ assistant superintendents, principals, assistant principals, guidance directors, and other administrators who do not assume tenure in position, for terms, not to exceed 3 years, fixed by the board and shall define their duties. *The employment shall be under written contract.* Notification of nonrenewal of contract shall be given in writing at least 90

[1] MCL 340.66; MSA 15.3066 stated as follows:

"The contract with the superintendent shall be for a term fixed by the board not to *exceed* 3 years. The board may employ assistant superintendents, principals, assistant principals, guidance directors and other classified administrators who do not assume tenure in position, for a term fixed by the board not to exceed 3 years, and shall define their duties. *The employment shall be under written contract.* Notification of nonrenewal of contract shall be given in writing at least 90 days prior to the contract termination date or the contract is renewed for an additional 1-year period." (Emphasis added.)

This provision was in effect until January 13, 1977, the effective date of The School Code of 1976.

days prior to the contract termination date or the contract is renewed for an additional 1-year period."[2] MCL 380.132(2); MSA 15.4132(2). (Emphasis added.)

This provision was construed by the Tenure Commission to provide for continuing one-year renewals of an administrator's contract in the absence of a further written contract. Upon appeal to the circuit court this construction was found to be a substantial and material error of law.

The school code allows a district to deny tenure status to administrative positions. A complementary provision is found in the teacher's tenure act for teachers who move into administrative positions. MCL 38.91; MSA 15.1991 states in relevant part:

"If the controlling board shall provide in a contract of employment of any teacher employed other than as a classroom teacher, including but not limited to, a superintendent, assistant superintendent, principal, department head or director of curriculum, made with such teacher after the completion of the probationary period, that such teacher shall not be deemed to be granted continuing tenure in such capacity by virtue of such contract of employment, then such teacher shall not be granted tenure in such capacity, but shall be deemed to have been granted continuing tenure as an active classroom teacher in such school district. * * * Failure of any such controlling board to so provide in any such contract of employment of any teacher in a capacity other than a classroom teacher shall be deemed to constitute the employment of such teacher on continuing contract in such capacity and subject to the provisions of this act."

Under MCL 38.92; MSA 15.1992, McKee was a tenured teacher in the Woodhaven School District

---

[2] Since the enactment of The School Code of 1976, there have been several technical amendments to the relevant provision, none of which affect the rights of the parties before this Court.

when he signed the initial contract, and had the capacity to waive his right to administrative tenure. *Bode, supra,* 527-528. If he had continued to do so by written contract with the school board on an annual basis, the provisions of the statute would have been met.

However, written contracts were not executed between the parties. The relative positions of the parties suggest that such contracts are provided by the school district. The Tenure Commission found that the board continued to employ McKee, and even promoted him, following his specific rejection of a written contract containing a provision waiving administrative tenure. The board was in a position to take action to clarify the status of the plaintiff at that point, and chose to do nothing. Its intent to deny administrative tenure to McKee is irrelevant.

The school code provides a means to a district to control its school administration through the denial of administrative tenure. In *Goodwin v Kalamazoo Board of Education,* 82 Mich App 559; 267 NW2d 142 (1978), the Court construed the provisions regarding administrative tenure. Judge HOL-BROOK, writing for the panel, held that the acts did not set up certain categories of administrative positions for which tenure was available. The intent of the Legislature was to allow the district flexibility to make decisions about which positions ought to be allowed administrative tenure. These decisions were to be implemented *by contracts* between the teacher and the school board. Under both the 1941 act and the teacher tenure provision as amended in 1963, in the absence of an express contract exclusion a teacher gains tenure in an administrative position. *Id.* at 566-567.

The district bears a burden under the acts of

expressly denying administrative tenure in a written contract made with the teacher. In *Dodge v Saginaw Board of Education,* 384 Mich 346; 183 NW2d 793 (1971), the Supreme Court held that simply striking the word "tenure" from a printed form contract was not sufficient to meet the requirements of the statute. The Court stated:

> "Were it not for the requirement of the statute that the contract make provision for *no* tenure, in order to avoid it, the absence of provision *for* tenure might be so construed, but the statute's requirement was intended to obviate the need for construction." *Id.* at 348. (Emphasis in original.)

The intention of the board here, as in *Dodge,* to deny a teacher tenure when occupying an administrative position, is irrelevant. An affirmative duty is placed by the statutes upon the school district to provide a written contract.

Such a burden conforms with the language of MCL 380.132(2); MSA 15.4132(2). The provision clearly requires a written contract between school districts and administrators. To allow a board to circumvent this clear language by construing the next sentence of the statute to allow continuing implied contracts is to render the requirement of a written contract meaningless. Every applicable version of the statute states, unambiguously, "[t]he employment shall be under written contract". MCL 380.132(2); MSA 15.4132(2), superseding MCL 340.66; MSA 15.3066.

The provision which follows in the statute providing for automatic renewal for a one-year period is a protection for employees from arbitrary action by the board. At the expiration date of a written contract it provides to the employee a right to a contract renewal for an additional one-year period

if written notification of nonrenewal is not given as provided by statute. The statutory provision relating to renewal of the written contract "for an additional 1-year period" is phrased in the singular rather than plural. If the contract is renewed between the parties, whether by the automatic renewal provision of the statute or through an express new written contract, the employee has such status as an administrator as is provided for by the governing written contract.

In the instant case it should be noted that construction of the statute to apply successive one-year renewals of the original contract is inconsistent with the facts as found by the Tenure Commission. The terms of McKee's employment, including his position in the administrative structure, responsibilities and compensation, had been altered drastically over the years. Under such circumstances it is illogical to assert that the original contract remained in effect.

Such a construction by the Tenure Commission is a clear and substantial error of law. The decision of the circuit judge is affirmed. No costs, a public question being involved.