DAILEY v MACKINAC ISLAND BOARD OF EDUCATION

Docket No. 60430. Submitted June 30, 1982, at Lansing.—Decided October 6, 1982.

John Dailey, a first-year probationary teacher during the 1980-1981 school year, was notified by the Board of Education of the Mackinac Island Public Schools that his contract would not be renewed for the 1981-1982 school year. The notice did not indicate that his work had been in any way unsatisfactory. Dailey sought mandamus in Mackinac Circuit Court, seeking reinstatement to his teaching position. Defendant moved for summary judgment. The trial court, Nicholas J. Lambros, J., granted defendant's motion and refused to order mandamus, finding the board's decision not to renew plaintiff's contract was based upon economic reasons and that the statutory notice provisions of the teacher tenure act were not applicable. Plaintiff appeals. *Held:*

Since the reason for plaintiff's termination was based upon economic reasons rather than being due to unsatisfactory performance, the statutory provision requiring that the notice of discontinuance of employment of a probationary teacher contain a definite written statement as to whether the teacher's work had been satisfactory is not applicable. The trial court properly refused to order mandamus, the plaintiff's making no contention that his termination was for any reason other than economic necessity.

Affirmed.

SCHOOLS — TEACHER TENURE ACT — PROBATIONARY TEACHERS — DISMISSAL FROM EMPLOYMENT.

A probationary teacher may be terminated from employment because of a necessary reduction in personnel even though the statutory notice of termination does not contain a definite written statement as to whether the teacher's work has been satisfactory; the notice provision in the teacher tenure act is

REFERENCES FOR POINTS IN HEADNOTE
68 Am Jur 2d, Schools §§ 168, 169.
Right to dismiss public school teacher on ground that services are no longer needed. 100 ALR2d 1141.

applicable only to terminations due to noneconomic reasons (MCL 38.83; MSA 15.1983).

*Foster, Swift, Collins & Coey, P.C.* (by *Stephen O. Schultz*), for plaintiff.

*Thrun, Maatsch & Nordberg, P.C.* (by *Donald J. Bonato*), for defendant.

Before: R. B. Burns, P.J. and D. F. Walsh and P. J. Marutiak,* JJ.

P. J. Marutiak, J. Plaintiff was employed as a first-year probationary school teacher for the 1980-1981 school year. He was informed that his contract would not be renewed for the 1981-1982 school year and subsequently commenced mandamus for reinstatement, alleging that the defendant board of education's action violated mandatory notice provisions of the Michigan teacher tenure act. He appeals from an order of summary judgment in favor of defendant.

The teacher tenure act, MCL 38.83; MSA 15.1983, provides certain rights and protections for the probationary teacher:

"At least 60 days before the close of each school year the controlling board shall provide the probationary teacher with a definite written statement as to whether or not his work has been satisfactory. Failure to submit a written statement shall be considered as conclusive evidence that the teacher's work is satisfactory. Any probationary teacher or teacher not on continuing contract shall be employed for the ensuing year unless notified in writing at least 60 days before the close of the school year that his services will be discontinued."

It is plaintiff's contention that under this provi-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

sion, defendant may not discontinue the employment contract of a probationary teacher *for any reason* unless that teacher has first been notified at least 60 days from the close of the school year that his or her work has been unsatisfactory. Insofar as any such termination of a probationary teacher is due to unsatisfactory work performance this is a correct interpretation. *Weckerly v Mona Shores Bd of Ed,* 388 Mich 731; 202 NW2d 777 (1972).

In the present case, had defendant attempted to discontinue plaintiff's contract on the ground that his work performance had been unsatisfactory, there would be no doubt that such action is precluded by defendant's failure to provide timely written notice of his work performance. However, plaintiff's contract here was discontinued purely as a result of economic conditions. The tenure act is not applicable to probationary teaching contracts terminated for economic reasons. *Boyce v Royal Oak Bd of Ed,* 407 Mich 312; 285 NW2d 196 (1979). The Supreme Court there held that the purpose served of notifying probationary teachers of whether their services were satisfactory does not apply directly to discharges caused by economic reasons. The Court, in analyzing the act, found that the purpose of the protections provided under the teacher tenure act is not to guarantee teachers continuing employment under any circumstances but rather to protect teachers from the arbitrary and capricious conduct of school officials. Indeed, the Court went so far as to find that even tenured teachers were not protected by the 60-day notice requirement where their termination was for economic reasons, citing *Steeby v Highland Park School Dist,* 56 Mich App 395; 224 NW2d 97 (1974), *lv den* 393 Mich 802 (1975).

Therefore, the trial court's determination of whether a school board's decision not to renew the probationary contract for economic reasons was intended as a layoff or a discharge is irrelevant to whether MCL 38.83; MSA 15.1983 applied. Since plaintiff does not contend that his termination was for any reasons other than economic, the trial court's grant of summary judgment is affirmed.

Affirmed.