BRUINSMA *v* WYOMING PUBLIC SCHOOLS

1. SCHOOLS AND SCHOOL DISTRICTS—CONTRACTS—MEMORANDA—TEACHERS.
   A contract binding on all parties was created where a master contract between the board of education and its teachers was in existence and the board of education sent contract memoranda to individual teachers renewing their contracts and these memoranda were signed by the teachers.

2. SCHOOLS AND SCHOOL DISTRICTS—BREACH OF CONTRACT—TEACHERS—EXHAUSTION OF REMEDIES.
   Teachers seeking damages for breach of their contracts by the board of education need not appeal the board's action to the State Tenure Commission before instituting suit.

REFERENCE FOR POINTS IN HEADNOTES
[1–3] 47 Am Jur, Schools § 114 *et seq.*

3. SCHOOLS AND SCHOOL DISTRICTS—BREACH OF CONTRACT—TEACH-
    ERS—LACK OF FUNDS.
        A board of education must honor a valid contract with its teach-
        ers even though a subsequent millage failure requires a
        reduction in personnel.

Appeal from Kent, Roman J. Snow, J. Submitted
Division 3 February 3, 1972, at Grand Rapids.
(Docket No. 11936.) Decided February 25, 1972.
Leave to appeal denied, 387 Mich 783.

Complaint by David J. Bruinsma and others
against the Wyoming Public Schools and the Board
of Education of the Wyoming Public Schools for
damages for breach of contract. Judgment for
defendants. Plaintiffs appeal. Reversed and re-
manded for entry of judgment for damages.

*Foster, Lindemer, Swift & Collins* (by *Lynwood
E. Beekman*), for plaintiffs.

*Varnum, Riddering, Wierengo & Christenson* (by
*Eugene Alkema* and *Carl R. Fleetwood*), for
defendants.

Before: FITZGERALD, P. J., and R. B. BURNS and
HOLBROOK, JJ.

R. B. BURNS, J. Plaintiffs are eight teachers who
were employed by defendants during the 1968–1969
school year. Early in June of 1969 the three plain-
tiffs who were on tenure received a contract memo-
randum for the 1969–1970 school year. The five
remaining plaintiffs who were on probation* signed
contracts for the 1969–1970 school year. A millage
proposal was defeated on June 9, 1969. Later in
June the plaintiffs were notified by defendants that

---

* All teachers are on probation for the first two years of employ-
ment. MCLA 38.81; MSA 15.1981.

due to the millage failure a reduction in staff was necessary and plaintiffs were relieved from teaching duties for the 1969–1970 school year.

On July 1, 1969, David J. Bruinsma, Michael V. Glass, and Paul Fulkerson filed a class action on behalf of themselves and approximately 70 other teachers, some of whom were tenure teachers and some of whom were employed on a probationary basis. The plaintiffs sought an injunction enjoining the defendants from discharging the plaintiffs and also asked for damages. The trial court denied the injunction on the basis that the plaintiffs had an adequate remedy at law.

Subsequently the voters approved the millage increase and defendants notified all of the teachers who had been released to disregard the previous notice terminating their employment. Most of the teachers released accepted this offer and have been dropped as plaintiffs. The eight remaining plaintiffs are those who accepted employment with other school districts before receiving notice from the defendants after the passage of the second millage proposal.

The trial judge held that the contract memoranda in conjunction with the master contract constituted individual contracts with the tenure teachers; that Article IV, § 5 of the teachers' tenure act allowed the defendants to make necessary reduction in personnel even though the teachers had permanent tenure and were under contract; that the plaintiffs who had tenure must exhaust their administrative remedies by appeal to the State Tenure Commission before they were entitled to judicial review; that the probationary teachers did not have the right to any administrative review and their claims were a question of fact as to whether the defendants had abused their discretion; and that the probationary teacher plaintiffs were entitled to a trial on the issue.

The plaintiffs stipulated that under the court's interpretation of the tenure act, the defendants' actions were reasonable. The parties also stipulated as to the damages incurred by the plaintiffs.

We agree with the trial court that the contract memoranda in conjunction with the master contract constituted a binding contract on all parties.

Plaintiffs in the present case were not seeking a review of the board's actions but were seeking damages for breach of contract. The trial court had jurisdiction to determine damages for the breach of contract.

As a general rule, in the absence of statutory authority or provisions in the teacher contract, a school district is not justified in dismissing a teacher without compensation prior to expiration of the contract even though the teacher's services are no longer required. 100 ALR2d 1141, 1146.

In Michigan there is no express statutory authority for terminating a teaching contract because of lack of funds.

MCLA 38.105; MSA 15.2005 reads "any teacher on permanent tenure whose services are terminated because of a necessary reduction in personnel shall be appointed to the first vacancy in the school district for which he is certified and qualified".

Michigan cases have upheld teachers' contracts when schools have burned and when two districts have consolidated. *Smith* v *School-District No 2 of Pleasant Plains*, 69 Mich 589 (1888) ; *Wilson* v *School District No 4, Township of Ellington*, 233 Mich 581 (1926).

Does the teachers' tenure act abrogate this case law?

Defendants contend, and the trial court held, that the MCLA section quoted above is, by implication,

authority for the defendants to terminate the service of a teacher because of necessary reduction of personnel.

In *Rehberg v Ecorse School District No 11,* 330 Mich 541, 547 (1951), the Court stated: "The Tenure Act was enacted for the purpose of protecting teachers from being discharged or demoted from a continuing tenure except for 'reasonable and just cause' ". The Act was passed for the protection of teachers, not to take away rights.

Our interpretation of Art IV, § 5 of the act is that when it is necessary for a school district to reduce personnel they are excused from offering a tenure teacher a contract of employment. It does not excuse a school district from honoring a valid contract.

Any other interpretation would leave a probationary teacher, who is not under tenure, with more contractual safeguards than a permanent tenure teacher.

Reversed and remanded for entry of judgment for the stipulated damages.

No costs, a public question being involved.

All concurred.