TEACHERS — TENURE While a teacher with tenure may not be dismissed during the term of an existing contract except upon grounds specified in the contract or statutes, the board of education may legally choose not to renew the contract of a tenured teacher where the board, in good faith, bases the nonrenewal on a loss of attendance, the lack of available funds caused by a reduction in federal funds or a mandatory retirement age policy. The Attorney General has considered your request for an opinion wherein you ask the following questions: "1. Can the board of education of a school district legally terminate the employment of a teacher who has acquired tenure in the school district when the reason for termination is the loss of attendance or lack of available funds caused by a reduction in federal funds? "2. Where a board of education of a school district has a policy or regulation requiring teachers to retire when they reach 65 years of age, can the board legally terminate the employment of a teacher who has acquired tenure in the district when such teacher has reached the specified retirement age?" In 1971 the Oklahoma Legislature enacted the Oklahoma School Code which constitutes a comprehensive revision of the statutes relating to public schools. The Code provides two sections directly relating to the authority of a board of education to terminate the employment of a teacher. The first, 70 O.S. 6-103 [70-6-103] (1971) provides a procedure and grounds for dismissal of a teacher at any time for immorality, willful neglect of duty, cruelty, incompetency, teaching disloyalty to the American Constitutional system of government or any reason involving moral turpitude. The second, 70 O.S. 6-122 [70-6-122] (1971), as amended by Laws, 1972, Chapter 239, 1, provides a teacher-tenure law for Oklahoma in that a board of education must renew the contract of a teacher who has completed three years of service in the district unless the requirements for notice and hearing are met. This section requires that the statement of causes for the failure to renew a contract must include "one of the following: immorality, willful neglect of duty, cruelty, incompetency, teaching disloyalty to the American Constitutional system of government, or any reason involving moral turpitude." The grounds for dismissal of a teacher are, therefore, identical with the causes which may be stated when a board of education fails to renew the contract of a tenured teacher. Your first question as to the legality of the termination of the employment of a tenured teacher based on loss of attendance or lack of funds requires, therefore, a determination of whether the grounds provided for dismissal of the teacher and the causes set out for failure to renew a contract of a tenured teacher constitute an exclusive enumeration of the grounds for terminating a teacher's employment. The powers of boards of education are provided by 70 O.S. 5-117 [70-5-117] (1971). These include the power "to maintain and operate a complete public school system of such character as the board of education shall deem best suited to the needs of the school districts" and the power "to contract with and fix the duties and compensation of . . . teachers . . . and other necessary employees of the district." This section recognizes broad discretion in the board of education over the operation of the schools of the district. It also limits the board to employing only "necessary" personnel. The Supreme Court of Pennsylvania in the case of Ehret v. School District of Borough of Kulpmont, 5 A.2d 188
(1939) was presented with an issue very similar to that posed by your first question. In this case a school board failed to reemploy a kindergarten teacher because it was discontinuing the kindergarten department. The teacher had acquired tenure under an act which specified certain causes for dismissal. The causes did not include abandonment of a department. In holding that the board was not required to reemploy the teacher, the Court stated: ". . . (T) he purpose of the Tenure Act was to maintain an adequate and competent teaching staff, free from political and personal arbitrary interference, whereby capable and competent teachers might feel secure and more efficiently perform their duty of instruction, but it was not the intention of the legislature to confer any special privileges or immunities upon professional employees to retain permanently their position and pay regardless of a place to work and pupils to be taught; nor was it the intention of the legislature to have the Tenure Act interfere with the control of school policy and the courses of study selected by the administrative bodies; nor was it the intention of the legislature to disrupt a school district's financial scheme, . . ." The circumstance of an insufficient number of students was presented to the Supreme Court of Oregon in the case of Funston v. District School Board for School District No. 1 in Multnomah County, 278 P. 1075 (1929). In this case the governing board discontinued a teacher's services at the end of the school year based on a major reduction in the number of pupils in the subject taught by the teacher. The teacher contended that she should have been reemployed "since a severance of employment by reason of a program of economy or a lack of further need for the teacher's services is not expressly mentioned in the (Tenure) Act." The Court first discussed the reasons underlying the tenure law: "When such an employee's services must be discontinued because of the demands of economy or by reason of the lack of pupils the cause does not have its inception in the teacher but arises from a source foreign to her and over which she possesses no control . . . Statutes of this kind, which regulate the dismissal of teachers and other public employees generally are interpreted as intending only a regulation of dismissal for causes personal to the employee." The Court then held: ". . . (A) Tenure of Office Act of the type before us, was not intended to deprive the board of directors of the power to terminate an incumbent's employment when there ceased to be any further need for the teacher through a program of economy, in good faith adopted, or through a lessening in the number of pupils, even though the act contained general words concerning discharges from the public service. . . . "We conclude that, when the cause of dismissal is not personal to the teacher, the act does not require an adherence to the procedure prescribed . . ." In the recent case of Bruinsma v. Wyoming Public Schools,197 N.W.2d 95 (1972) the Court of Appeals of Michigan ruled on the right of a school district to terminate the employment of teachers necessitated by a lack of funds due to the defeat of a millage proposal. The Michigan Court, while ruling in favor of the dismissed teachers, distinguished the circumstance before it wherein dismissal had occurred after the execution of contracts and the right in general of a school district to refuse to reemploy a tenured teacher when it is necessary to reduce personnel. The Court stated: "As a general rule, in the absence of statutory authority or provisions in the teacher contract, a school district is not justified in dismissing a teacher without compensation prior to expiration of the contract even though the teacher's services are no longer required. ". . . When it is necessary for a school district to reduce personnel they are excused from offering a tenure teacher a contract of employment. It does not excuse the school district from honoring a valid contract." The position taken by the Michigan Court in the latter case would seem to be a proper construction of the legislative intent of the provisions of the Oklahoma School Code discussed above. The grounds stated for dismissal of a teacher during the term of an existing contract do not include those grounds set out in your first question. The obligation of the school district under such contract cannot, therefore, be avoided except upon those specified grounds upon which the contract was conditioned. The reemployment of a tenured teacher, however, may be refused by a board of education on grounds not included in the statute where such grounds are matters within the discretion of the board in determining the character of the school system it administers and are external to particular conduct of an individual teacher The answer to the first question is determinative of the answer to the second question. Title 70 O.S. 5-117 [70-5-117] (1971) empowers a board of education to adopt and maintain an appropriate personnel policy, and a mandatory retirement policy for teachers reaching the age of 65 years would seem to be a proper exercise of the power to promulgate a personnel policy. Under the above reasoning, such a mandatory retirement policy would not be grounds for dismissal of a teacher during the term of a contract; it would, however, be a sufficient basis for the failure to renew a contract. It is, therefore, the opinion of the Attorney General that your questions be answered as follows: While a teacher with tenure may not be dismissed during the term of an existing contract except upon grounds specified in the contract or statutes, the board of education may legally choose not to renew the contract of a tenured teacher where the board, in good faith, bases the nonrenewal on a loss of attendance, the lack of available funds caused by a reduction in federal funds or a mandatory retirement age policy. (Joe C. Lockhart) ** SEE: OPINION NO. 76-194 (1976) **