EAST DETROIT FEDERATION OF TEACHERS, AFT LOCAL 698 v
EAST DETROIT BOARD OF EDUCATION

SCHOOLS AND SCHOOL DISTRICTS—STATUTES—PROBATIONARY TEACHERS
  —TERMINATION OF SERVICES.

  A school board properly terminated the services of probationary
  teachers where it complied with the statute when notifying the
  teachers of the termination, and the number of teachers whose
  services were terminated was not arbitrary and capricious
  where the record indicates that it was based upon extensive
  study of projected needs (MCLA 38.83).

Appeal from Macomb, Walter P. Cynar, J. Submitted Division 1 June 25, 1974, at Detroit. (Docket No. 18019.) Decided September 11, 1974.

Complaint by the East Detroit Federation of Teachers, AFT Local 698, against the Board of Education of the City of East Detroit for an injunction and a determination of arbitrariness in terminating teachers' services. Judgment for defendants. Plaintiff appeals. Affirmed.

*Fieger, Golden & Cousens,* for plaintiff.

*Martin J. Smith,* for defendant.

Before: BASHARA, P. J., and DANHOF and CHURCHILL,* JJ.

BASHARA, P. J. Plaintiff, East Detroit Federation

---

REFERENCES FOR POINTS IN HEADNOTE

68 Am Jur 2d, Schools §§ 152, 161.

Notice of intention to discharge teacher, or not to renew contract, sufficiency under statutes requiring such notice. 92 ALR2d 751.

* Circuit judge, sitting on the Court of Appeals by assignment.

of Teachers, has initiated this appeal seeking reversal of the trial court's determination of no cause for action.

The sole issue on appeal is whether defendant, Board of Education, on April 12, 1973, acted arbitrarily and capriciously in notifying 65 probationary teachers that their services would be terminated at the end of the 1972–1973 school year.

MCLA 38.83; MSA 15.1983 provides:

"At least 60 days before the close of each school year the controlling board shall provide the probationary teacher with a definite written statement as to whether or not his work has been satisfactory. Failure to submit a written statement shall be considered as conclusive evidence that the teacher's work is satisfactory. Any probationary teacher or teacher not on continuing contract shall be employed for the ensuing year unless notified in writing at least 60 days before the close of the school year that his services will be discontinued."

*Weckerly v Mona Shores Board of Education,* 388 Mich 731; 202 NW2d 777 (1972), interpreting the above statute, held that probationary teachers must be given 60 days notice of termination, and if such notice is not given the school board must retain those teachers for the coming school year.

Defendant, on April 12, 1973, 60 days prior to the completion of the school year gave notice of termination to 65 probationary teachers. Plaintiff argues, among other things, that the discharging of 65 teachers, as opposed to a lesser number, was arbitrary and capricious. The record indicates the plaintiff's argument is without merit.

Mr. Michael O. Emlaw, superintendent of schools for East Detroit, testified that due to the projected decline of student enrollment in the upcoming 1973–74 school year the services of 43.4 teachers would no longer be necessary. This esti-

mate was based upon the present student enrollment, along with contemplated moves out of the district, by discussions between teachers and students, by notices in the school newspaper, by checking with local parochial schools to determine if any of their students would be attending East Detroit public schools, and by the school census from previous years to determine the number of students enrolling in kindergarten. We must further note that in previous years the school board's estimate proved to be extremely accurate.

In addition to the 43.4 teachers, there were 24 tenure teachers who were on leave who could have possibly returned the next fall. These 24 tenure teachers would have precedence over non-tenured teachers.

We, therefore, find defendant's actions were not unreasonable in complying with the statute in question.

Plaintiff also contends that MCLA 38.83; MSA 15.1983 is not applicable, and in support of its position argues that *Steeby v Highland Park School Dist* (Leave to appeal granted by this Court, Docket #17336), is controlling. We find that *Steeby* is not applicable since the subject matter of this case concerns only non-tenured probationary teachers, whereas *Steeby, supra,* dealt with tenured teachers.

We, therefore, hold that MCLA 38.83; MSA 15.1983, is clearly applicable to the present matter. We conclude that defendant did not act arbitrarily and capriciously when it gave 65 probationary teachers notice that their services would not be needed for the 1973–74 school year.

Affirmed, no costs, a public question being involved.

All concurred.