BOYCE v ROYAL OAK BOARD OF EDUCATION

1. Schools and School Districts—Economic Hardships—Lay-Offs —Tenured Teachers—Probationary Teachers—Notice—Job Performance.

A school board may lay off tenured and nontenured teachers where economic conditions require; the provision of the teacher tenure act requiring notice of unsatisfactory performance to probationary teachers at least 60 days prior to the close of the school year was intended for the limited purpose of protecting probationary teachers under yearly evaluation by allowing them time to prepare and present an adequate defense to an adverse evaluation of competence; it may not be invoked to reinstate probationary teachers who were laid off during the school year because of economic hardship (MCLA 38.83; MSA 15.1983).

2. Schools and School Districts—Probationary Teachers—Tenured Teachers—Rights.

Probationary teachers do not have greater rights than tenured teachers.

3. Schools and School Districts—Probationary Teachers—Notice —Lay-Offs—Job Performance—Economic Necessity—Contracts.

The statutory mandate that probationary teachers be notified 60 days in advance of the close of the school year if their job performance has been unsatisfactory does not operate to automatically bar contractual agreements between teachers and school boards that the teachers may be laid off during the year in case of economic necessity (MCLA 38.83; MSA 15.1983).

References for Points in Headnotes

[1] 68 Am Jur 2d, Schools §§ 168, 169, 183.
Right to dismiss public school teacher on ground that services are no longer needed. 100 ALR2d 1141.
[2] 68 Am Jur 2d, Schools § 152.
[3] 68 Am Jur 2d, Schools § 187.
Sufficiency of notice of intention to discharge teacher, or not to renew contract, under statutes requiring such notice. 92 ALR2d 751.

Appeal from Oakland, Farrell E. Roberts, J. Submitted March 7, 1977, at Detroit. (Docket No. 27656.) Decided July 6, 1977. Leave to appeal applied for.

Complaint by Barbara Boyce, and others, against the Royal Oak School Board seeking reinstatement of the plaintiffs as teachers in the Royal Oak Schools and lost wages resulting from improper lay-offs. Summary judgment for defendant. Some of the plaintiffs appeal. Affirmed.

*Beer & Boltz* (by *Louis D. Beer* and *Thomas L. Boyer*) (*Sander M. Levin*, of counsel), for plaintiffs.

*Burton R. Shifman, P. C.* (by *Burton R. Shifman* and *Philip J. Goodman*), for defendant.

Before: V. J. BRENNAN, P. J., and J. H. GILLIS and D. C. RILEY, JJ.

V. J. BRENNAN, P. J. On January 4, 1976, plaintiffs filed suit against defendant board of education claiming that they were improperly laid off under the Michigan teachers tenure act. MCLA 38.71, *et seq.;* MSA 15.1971, *et seq.* Defendants filed a motion for summary judgment claiming that under each teacher's individual contract the school board had the authority to lay off the teachers due to economic reasons. Moreover, the defendants claim that in situations involving economic hardship, the teachers tenure act is inapplicable. After briefs were submitted, the trial court ruled in favor of defendant school board, finding that the teachers tenure act did not prohibit reductions in staff due to economic reasons and that the school board had not violated the valid individual contracts. From this decision granting the motion for summary judgment, plaintiffs appeal as a matter of right.

The facts in this case are relatively simple.

Plaintiffs Boyce, Klegon, Kozlowski, Popovich, Brusca and Cerveny were probationary teachers employed by defendant board of education; plaintiffs Korn, Savage and Adams, who are not participating in this appeal, were tenured teachers employed by the board of education.

On December 16, 1975, these teachers received a letter indicating that programs and positions were to be eliminated due to economic considerations. State aid had been reduced by $292,000 and as school districts are prohibited by law from operating at a deficit budget, all extracurricular activities were eliminated. However, this elimination of programs did not save enough money, and the teachers had to be laid off. All the probationary teachers in the school district were laid off first, then the three tenured teachers.

Each probationary teacher signed a contract with the school district. This contract set out the rights and duties of each party and provided:

"This contract is subject to termination by either party upon written notice at least ten (10) days prior to the effective date of termination, except for termination caused by failure to perform under the terms of the contract which will require no notice of termination. The School District will not terminate this contract except for breach of the contract unless there is in the judgment of the Board of Education of the School District insufficient revenue during the school year to continue the payment of the salary called for in this contract. In case of termination, salary will be paid for the period that services are performed on a pro rata basis based on the entire school year."

Plaintiffs do not complain that the school board violated the terms of the contract. The plaintiffs were notified on December 16, 1975, that they would be laid off on January 23, 1976. This deci-

sion was ratified on January 7, 1976. Consequently, the teachers were given the notice provided by their negotiated contract. What plaintiffs contend is that their termination violated the Michigan teachers tenure act. In their complaint, plaintiffs allege that the board failed to comply with MCLA 38.83; MSA 15.1983, as the plaintiffs were given no notice prior to the end of the last school year that they would not be allowed to teach the entire next school year.

On appeal, then, we must decide first if the trial court erred in concluding that MCLA 38.83; MSA 15.1983, which provides that school boards must give probationary teachers 60-days notice in regard to whether their work product has been satisfactory, does not apply to a situation where the school board laid off probationary teachers during the school year because of economic hardship.

This Court has considered whether tenured teachers must be given 60-day notice and a hearing before the board of education when their contracts were not renewed due to economic reasons. *Steeby v Highland Park School District,* 56 Mich App 395; 224 NW2d 97 (1974). The Court there stated:

"Plaintiffs do not seriously contest the fact that the board of education can eliminate teaching positions because of economic factors. While there is no express statutory authority for terminating a teaching position because of lack of funds, MCLA 38.105; MSA 15.2005 provides:

" 'Any teacher on permanent tenure whose services are terminated because of a necessary reduction in personnel shall be appointed to the first vacancy in the school district for which he is certified and qualified.'

"Implicit in this language is the conclusion that school districts are excused from offering a tenure

teacher a contract of employment when it is necessary
to reduce personnel. See *Bruinsma v Wyoming Public
Schools,* 38 Mich App 745; 197 NW2d 95 (1972), See also
generally Anno., *Right to dismiss public school teacher
on grounds that services are no longer needed,* 100
ALR2d 1141, §§ 7–16, pp 1158–1181 and *Funston v
District School Board,* 130 Or 82; 278 P 1075 (1929)."
*Steeby v Highland Park School District, supra* at 397.

Thus, we have concluded that a school board
may lay off tenured teachers if economic condi-
tions required. While the Court in *Bruinsma* recog-
nized that there is no express statutory authority
for terminating a teaching contract because of lack
of funds, there exists the implication that the
school board and the teachers association can pro-
vide for such a contingency in their contract.
*Bruinsma v Wyoming Public Schools, supra* at 748.
Section V of the master agreement between the
local teachers association and the Royal Oak
School Board did provide for such a contingency.
Moreover, the school board has clearly complied
with the contract provisions of the master agree-
ment and the individual contracts. Therefore, un-
der *Steeby,* we see no reason why the school board
may not effect layoffs of nontenured teachers due
to economic reasons.

The question then remains whether the notice
provision of MCLA 38.83; MSA 15.1983 applies to
such situations. In *Steeby,* the Court concluded
that this provision of the statute did not apply, but
based its decision upon the fact that tenure teach-
ers were involved in that case rather than proba-
tionary teachers. The Court held:

"As to the question of notice, it must be noted that
we are here concerned with whether notice must be
given 60 days before the end of the school year. There
is no question that notice was in fact given, the only

question being whether it was timely given. Plaintiffs argue that the 60-day notice provisions of MCLA 38.83; MSA 15.1983 and MCLA 38.102; MSA 15.2002 should be applied. As appealing as their argument might be, it is clear that neither of these sections are applicable here. MCLA 38.83, *supra,* is specifically limited by its own language to probationary teachers or teachers not on continuing contracts, and is thus not applicable to tenure teachers." *Steeby v Highland Park School District, supra* at 397–398.

We further hold in the case before us now that MCLA 38.83; MSA 15.1983 is not applicable to lay-offs of probationary teachers due to economic considerations. See OAG 1957–58, No 3,297, p 265. On its face, MCLA 38.83; MSA 15.1983 indicates that its protection only applies where the school board is in the year-end process of evaluating whether a probationary teacher's work is satisfactory, a circumstance to which all teachers inevitably find themselves susceptible because of the two or three year period of probation required by statute. MCLA 38.81 *et seq.;* MSA 15.1981 *et seq.* Reason for substantial notice plainly exists when a teacher's livelihood and reputation are at issue. Such protection is necessary to allow the probationary teacher to prepare and present an adequate defense in a situation where future employment may depend upon challenging an adverse evaluation of competence.

No such circumstance exists in this case. The board has made no judgment about plaintiffs' competence. Plaintiffs have been laid-off due solely to general economic considerations existing in the school district. Indeed, some of the original teachers laid-off now have teaching positions elsewhere. We would do great violence to this statutory provision, clearly intended for the limited purpose of protecting probationary teachers under yearly

evaluation, were we to extend its notice require-
ment to literally any situation in which the school
board decides before year end to terminate a pro-
bationary teacher's contract. We are not going to
do that. Further, we are not going to follow the
recent decision from this Court to the extent its
reasoning conflicts with our holding today. *East
Detroit Federation of Teachers v East Detroit
Board of Education,* 55 Mich App 451; 223 NW2d 9
(1974). See also *Freiberg v Big Bay De Noc Board
of Education,* 61 Mich App 404, 414, n 1; 232
NW2d 718 (1975).

In *East Detroit, supra,* the board complied with
MCLA 38.83; MSA 15.1983 and provided notice to
the teachers more than 60 days before they were
discharged. The Court held this action was not
arbitrary and capricious. We agree. The statute
should *not* apply to teacher firings based on inade-
quate financing. In our mind, the Legislature's
concern in drafting the statute was to inform fired
teachers that their performance was not satisfac-
tory. The statute can have no bearing where, as
here, the firings are prompted by insufficient funds
rather than teacher performance.

The problems created if we conclude that this
statute applies to layoffs of probationary teachers
due to economic conditions are readily apparent.
We would give probationary teachers greater pro-
tection than tenured teachers. This result would
arise in any situation in which the determination
to lay off teachers was made within the 60-day
period prior to the close of the present school year.
We need only note that this Court on several
occasions has affirmed the proposition that proba-
tionary teachers do not have greater rights than
tenured teachers. See *Shippey v Madison District
Schools,* 55 Mich App 663, 667; 223 NW2d 116

(1974), *Bruinsma v Wyoming Public Schools, supra* at 749, *Freiberg v Big Bay De Noc Board of Education, supra* at 414, n 1. This consequence would be highly anomalous, considering the entire purpose of the tenure act and the otherwise greater control the school board has over probationary teachers as opposed to tenured teachers. This position we cannot accept.

We fully understand the need to eliminate the arbitrary dismissal of qualified teachers for other than good cause shown. *Rehberg v Board of Education of Melvindale,* 330 Mich 541, 545; 48 NW2d 142 (1951). However, we see no threat here to that implicit purpose of the tenure act. Rather, we see the need for economic leverage in a situation where the plain intention of this particular provision does not apply.

Therefore, we must conclude that in situations such as the present, where the school board in good faith shows and acknowledges that dire financial problems exist in the school district, MCLA 38.83; MSA 15.1983 does not apply. If allegations of bad faith or subterfuge are made, the teachers have recourse to the Teacher Tenure Commission or circuit court. See *Freiberg v Big Bay De Noc Board of Education, supra* at 415 (tenure teachers), *Lipka v Brown City Community Schools,* 59 Mich App 175, 178–179; 229 NW2d 362 (1975) (nontenure teachers). We believe this result consistent with both the purpose of the tenure act and the purpose of this particular provision of that act.

Plaintiffs also argue that the protections and rights preserved by the Michigan teachers tenure act may not be waived by contract. See MCLA 38.172; MSA 15.2054. What they argue is that the 60-day notice provision may not be waived and, therefore, precludes the school board from laying

off probationary teachers if the school board is no longer able to comply with the provision. This contention is a different twist on the argument already addressed.

Affirmed.