**Carol FITZ, Plaintiff,**

v.

**BOARD OF EDUCATION OF the PORT HURON AREA SCHOOLS, and the Port Huron Area School District, a body corporate, Defendants.**

Civ. A. No. 84–9730.

United States District Court,
E.D. Michigan, S.D.

May 3, 1985.

Wallace K. Sagendorph, Glen M. Bis, Levin, Levin, Garvett & Dill, Southfield, Mich., for plaintiff.

Gary A. Fletcher, Touma, Watson, Nicholson, Whaling, Fletcher & DeGrow, P.C., Port Huron, Mich., for defendants.

## MEMORANDUM OPINION AND ORDER

JAMES HARVEY, District Judge.

In the case presently before the Court, the plaintiff sued alleging that the defendant violated 38 U.S.C. § 2021 by refusing to reemploy her immediately following her honorable discharge from the United States Army. The facts are not in dispute and the case is presently before the Court on cross-motions for summary judgment.

Summary judgment is appropriate only where no genuine issue of material fact remains to be decided and the moving party is entitled to judgment as a matter of law. *Willetts v. Ford Motor Co.*, 583 F.2d 852, 855 (6th Cir.1978); F.R.Civ.P. 56(c). In applying this standard, the Court must view all materials offered in support of a motion for summary judgment, as well as, all pleadings, depositions, answers to interrogatories, and admissions properly on file in the light most favorable to the party opposing the motion. *Arnett v. Kennedy*, 416 U.S. 134, 94 S.Ct. 1633, 40 L.Ed.2d 15 (1974); *United States v. Diebold*, 369 U.S. 654, 82 S.Ct. 993, 8 L.Ed.2d 176 (1962); *Smith v. Hudson*, 600 F.2d 60 (6th Cir. 1979).

The plaintiff is a tenured home economics teacher who was first employed by the defendant school district in September, 1972. In 1979, she applied for a four-year leave of absence in order to serve in the United States Army. Plaintiff's leave of absence was granted by the defendant on June 18, 1979 and became effective at the start of the 1979–80 school year. Plaintiff entered the army on September 11, 1979.

While serving in the army, the plaintiff received a letter dated March 28, 1980, in which the defendant informed her that the school district's records indicated that plaintiff's leave of absence was to expire on June 30, 1980. Upon receipt of that letter, plaintiff had her parents contact the defendant to remind it that plaintiff's leave of absence was for a term of four years, not one.

In the summer of 1982, plaintiff was assigned to duty in West Germany. That assignment required an extension of plaintiff's military service for two months, from September until November, 1983. This extension was "at the request and for the convenience of the government." Shortly before her departure to West Germany, the plaintiff visited the office of Mr. C. Roger White, the Director of Employee Relations, for the defendant school district. The plaintiff left a message with Mr. White's secretary informing him both of the extension of her military service and that she intended to return to her teaching position immediately following her discharge from the army in November, 1983. This visit occurred somewhat more than one year before the plaintiff was to return to teaching.

In the summer of 1983, shortly before her return to civilian life, the plaintiff again had her parents contact the defendant to inform it that she would be returning to her teaching position in November, 1983. On November 10, 1983, the plaintiff was honorably discharged from the United States Army.

In a letter dated November 4, 1983, the defendant informed the plaintiff that it would not immediately reemploy her in her former position as a regular full-time teacher. Rather, the defendant informed the plaintiff that it would employ her as a substitute teacher from November 16, 1983 until the close of the 1983–84 school year and reinstate her as a regular full-time teacher in the 1984–85 school year. The defendant claims that it took this action because it would have been impossible or unreasonable within the meaning of 38

U.S.C. § 2021(a)(2)(B) to immediately reemploy the plaintiff in her former position.

During the last year of the plaintiff's employment with the defendant before entering the army and during the four years of her leave of absence, the defendant school district was experiencing declining enrollments and budget cuts. These changing budget conditions required the defendant school district to lay off tenured teachers. In order to minimize the impact of the budget cuts and lay offs on tenured teachers, the school district was restaffed in the spring of each year so as to rehire as many of these laid off teachers as possible. Still, after the staffing in the spring of 1983 for the 1983–84 school year, 75 tenured teachers remained laid off. The defendant argues that these changing conditions made it impossible for it to immediately reemploy the plaintiff as a regular full-time teacher.

38 U.S.C. § 2021(a)(2)(B)(i) states:

(a) In the case of any person who is inducted into the Armed Forces of the United States under the Military Selective Service Act (or under any prior or subsequent corresponding law) for training and service and who leaves a position (other than a temporary position) in the employ of any employer in order to perform such training and service, and (1) receives a certificate described in section 9(a) of the Military Selective Service Act (relating to the satisfactory completion of military service), and (2) makes application for reemployment within ninety days after such person is relieved from such training and service or from hospitalization continuing after discharge for a period of not more than one year—

(B) if such position was in the employ of a state, or political subdivision thereof, or a private employer, such person shall—

(i) if still qualified to perform the duties of such position, be restored by such employer or the employer's successor in interest to such position or to a position of like seniority, status, and pay; or

unless the employer's circumstances have so changed as to make it impossible or unreasonable to do so. Nothing in this chapter shall excuse noncompliance with any statute or ordinance of a State or political subdivision thereof establishing greater or additional rights or protections than the rights and protections established pursuant to this chapter.

The dispositive question presented by the cross-motions for summary judgment is whether it would have been unreasonable or impossible for the defendant to rehire the plaintiff to her former position immediately upon her discharge from the military. Succinctly, the defendant argues that it would have been impossible for it to immediately reemploy the plaintiff as a regular full-time teacher in that it could only have done so by violating state law and by breaching a collective bargaining agreement.

Having carefully reviewed the facts of this case and having considered the arguments of counsel, the Court finds that plaintiff is entitled to judgment as a matter of law. In reaching this conclusion, the Court has necessarily rejected defendants' argument that changed circumstances made it impossible to immediately rehire the plaintiff.

In support of its position, the defendant argues that it was impossible to rehire the plaintiff to her former position immediately upon her honorable discharge because in doing so it would have violated the Port Huron Area School District Collective Bargaining Agreement. The defendant points out that it consulted with the union representatives for the teachers and was informed that the union had taken the position that the school district could not remove a tenured teacher to place the plaintiff. Apparently, the union felt that removing a tenured teacher to place the plaintiff would violate Section B(1)(a) of the collective bargaining agreement which states:

In the event the Board acts to reduce staff for any reason, examples of which are for financial hardship, enrollment

changes and legislative enactments, the District shall discuss potential layoffs with the Association at least sixty (60) days (sixty calendar days) before the effective layoff date for the purpose of informing the Association of the impact such reductions will have on the teaching staff. The teachers so affected by the layoff shall be notified by June 1 of layoffs to be effectuated at the start of the following school year. The District will not lay off any bargaining unit member during the school year.

■ Nevertheless, the Court agrees with the plaintiff that the defendant may not look to the terms of the Port Huron Area School District Collective Bargaining Agreement to support its claim of impossibility. The Supreme Court has clearly stated that "[n]o practice of employers or agreements between employers and unions can cut down the service adjustment benefits which Congress has secured the veteran under the Act." *Accardi v. Pennsylvania R. Co.,* 383 U.S. 225, 229, 86 S.Ct. 768, 771, 15 L.Ed.2d 717 (1966), *quoting, Fishgold v. Sullivan Drydock & Repair Corp.,* 328 U.S. 275, 285, 66 S.Ct. 1105, 1111, 90 L.Ed. 1230 (1946). The fact that the collective bargaining agreement in question was entered into pursuant to a state enabling statute does not change this result. For although Michigan law empowers and requires public employers to enter into collective bargaining, "such obligation does not compel either party to agree to a proposal or require the making of a concession." M.C.L.A. § 423.215. More importantly, as will be demonstrated shortly, any state law requirement giving binding effect to the terms of a collective bargaining agreement in this case would be preempted by federal law.

Accepting that the defendant may not support its impossibility claim by referring to the terms of the collective bargaining agreement, the Court must consider defendant's claim that various provisions of Michigan's Teacher Tenure Act made it impossible to reemploy the plaintiff in her former capacity immediately upon her honorable discharge. In support of its position, the defendant argues that it was le-gally bound to award all available teaching contracts for the 1983–84 school year to tenured teachers and that once these contracts were awarded, they could not be set aside. *See,* M.C.L.A. § 38.101 and *Bruinsma v. Wyoming Public Schools,* 38 Mich. App. 745, 197 N.W.2d 95 (1972). Additionally, the defendant argues that it could not have held plaintiff's position open by hiring a temporary probationary teacher because Michigan law forbids a school district to hire a probationary teacher over a qualified tenured teacher. *See, Boyce v. Royal Oak Board of Education,* 76 Mich.App. 526, 257 N.W.2d 153 (1977).

■ Having carefully considered defendant's arguments, the Court finds that they must be rejected. Initially, the Court will note that it was unable to locate a Michigan decision directly on point. However, even accepting defendant's claim that Michigan law prevented it from immediately placing the plaintiff, defendant's claim of impossibility fails. In such case, state law would be in direct conflict with federal law. Michigan law would grant a *de facto* employment preference to nonveterans with whom an employer had contracted while the veteran was serving his country. This would necessarily require the veteran to forego rights granted him by federal law. Nevertheless, federal law would prevail in that Congress has acted within its authority to secure reemployment rights to veterans in Section 2021. In doing so, Congress has preempted all state law to the contrary.

In 1974, Congress extended veterans' reemployment rights to employees of state and local governments and authorized enforcement actions against the states and their political subdivisions. Act of Dec. 3, 1974, Pub.L. No. 83–508, 88 Stat. 1594 (codified at 35 U.S.C. §§ 2021–26 (1976)). By doing this, Congress provided state and local government employees with reemployment rights that previously had been given to other veterans who had left their civilian jobs to serve in the armed forces, including the national guard. *Although states are free to establish additional rights and protections supplemental to those*

the Act provides, 38 U.S.C. § 2021(a) (1976), *they are not free to restrict the reemployment rights that the act has created.*

*Peel v. Florida Dept. of Transp.,* 600 F.2d 1070, 1073–74 (5th Cir.1979), *Aff'g,* 443 F.Supp. 451 (N.D.Fla.1977) (footnote omitted) (emphasis added).

■ Assuming that defendant's argument is specifically that it was fully staffed at the time of plaintiff's return and that budget restrictions prevented it from immediately rehiring the plaintiff, and assuming that this argument is unaffected by any state law requirements, defendant's argument fails. "It is not sufficient excuse that another person has been hired to fill the position vacated by the veteran nor that no opening exists at the time of the reapplication." *Davis v. Halifax Cty. Sch. System,* 508 F.Supp. 966, 968 (E.D.N.C. 1981). *See also, Bury v. General Motors Corp.,* 476 F.Supp. 1262, 1267 (N.D.Ohio 1979).

Finally, the Court will note that it has concluded that Michigan law is consistent with federal law and that Michigan law would not, as is claimed, have prevented the defendant from immediately rehiring the plaintiff. Accordingly, defendant's claim of impossibility fails. As noted earlier, the Court found no Michigan decision on point. The Court therefore reached this conclusion based on the power of its own reasoning.

It is undoubtedly true that Michigan law requires school districts to hire qualified tenured teachers ahead of probationary teachers. More importantly, in the instant case, it required the defendant to award all available teaching positions to tenured teachers. *See,* Teachers Tenure Act M.C. L.A. § 38.71 *et seq.* and *Boyce v. Royal Oak Bd. of Ed.,* 76 Mich.App. 526, 257 N.W.2d 153 (1977). However, even accepting these facts, the Court cannot accept defendant's claim that the terms of the collective bargaining agreement made it impossible to immediately place the plaintiff. *See, Accardi* and *Fishgold, supra.* Accordingly, the only question which remains is whether M.C.L.A. § 38.91 prevented the plaintiff from hiring a tenured teacher to fill plaintiff's position for the 1983–84 school year until her return in November. The Court believes not.

■ M.C.L.A. § 38.91 states in pertinent part:

After the satisfactory completion of the probationary period, a teacher shall be employed continuously by the controlling board under which the probationary period has been completed, and shall not be dismissed or demoted except as specified in this act.

The defendant apparently argues that the requirement of Section 38.91 that tenured teachers be continuously employed prevented it from temporarily hiring a tenured teacher. Defendant's argument is that it could either have hired a tenured teacher to fill plaintiff's position for the entire 1983–84 school year or left the position vacant until plaintiff's return. Nevertheless, the Court rejects defendant's arguments and finds that they are based not on the requirements of Section 38.91 but, rather, on the terms of the collective bargaining agreement which, as the Court has already pointed out, cannot serve as the basis for a claim of impossibility.

Clearly Section 38.91 does not ensure tenured teachers continuous employment in all circumstances. Rather, it guarantees them continuous employment at all times when there is a need for teachers in an area in which they are qualified. Tenured teachers may, for example, be discharged to effect a necessary reduction in personnel. *See,* M.C.L.A. § 38.105 and *Freiberg v. Big Bay De Noc Bd. of Ed.,* 61 Mich. App. 404, 232 N.W.2d 718 (1975).

The defendant cites *Barretta v. Plymouth-Canton Community Schools Board of Education,* Michigan Tenure Commission Docket No. 81–82 (1982), to support its position that Michigan's Tenure Act prevented it from hiring a tenured teacher as a temporary substitute until plaintiff's return. The Court, however, finds that *Barretta* is not apposite in that it held only that a tenured full-time teacher who takes part-time status is entitled to return to full-time status and, in doing so, is to be

preferred over a probationary teacher who occupies the position sought by the tenured teacher. Succinctly, the Court finds nothing in Section 38.91 that would have prevented the defendant from employing a tenured teacher until plaintiff's return.

The defendant in this case had ample notice of plaintiff's impending return and will not now be heard to say that it could not make the necessary arrangements. In enacting Section 2021, Congress sought to minimize the disruption to the lives of veterans returning from military service. This statute must be liberally construed so as to effect that intent. *Alabama Power Co. v. Davis*, 431 U.S. 581, 97 S.Ct. 2002, 52 L.Ed.2d 595 (1977).

While the Court finds that plaintiff is entitled to judgment as a matter of law, it will not enter final judgment at this time. Rather, it will order the parties to exchange briefs on the issue of damages within 15 days at which time the Court will make a determination as to the amount of liability.

IT IS SO ORDERED.