[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEB 26, 2010
JOHN LEY
CLERK

No. 09-12107
Non-Argument Calendar
_____

D. C. Docket No. 07-00306-CV-T-N

JERRY LEON DEES, JR.,

Plaintiff-Appellant,

versus

HYUNDAI MOTOR MANUFACTURING ALABAMA, LLC,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Alabama

_____

(February 26, 2010)

Before EDMONDSON, BIRCH and MARCUS, Circuit Judges.

PER CURIAM:

Jerry Leon Dees, a veteran and member of the army reserves, appeals the
district court's grant of summary judgment in favor of Hyundai Motor
Manufacturing Alabama, LLC ("HMMA") in his employment discrimination suit

under the Uniformed Services Employment and Reemployment Rights Act of 1994 ("USERRA"). In his complaint, Dees alleged that he was discriminated against and harassed based on his National Guard membership, and that he was ultimately fired because of his National Guard obligations. On appeal, Dees argues that the district court erred in granting summary judgment to HMMA on his termination and harassment claims because: (1) sufficient evidence showed that his military status was a motivating factor in his termination, and the termination committee did not act in good faith since the discriminatory motive underlying a supervisor's recommendation to fire Dees directly resulted in his termination; and (2) he has standing to bring his USERRA harassment claim since, although he did not suffer lost wages or the loss of other employee benefits as a result of the alleged harassment and an injunction would not provide relief, USERRA provides for "other equitable remedies," including attorneys' fees. After thorough review, we affirm.[1]

We review a district court order granting summary judgment de novo, viewing all of the facts in the record in a light most favorable to the non-moving party, and drawing all inferences in his favor. Frederick v. Spring/United Mgmt. Co., 246 F.3d 1305, 1311 (11th Cir. 2001). "Summary judgment is only proper if

_____

[1] Accordingly, Appellant's motion to file reply brief out-of-time is GRANTED, and Appellee's motion to strike reply brief is DENIED.

there are no genuine disputed issues of material fact, and the moving party is entitled to judgment as a matter of law." Id. "[M]ere conclusions and unsupported factual allegations are legally insufficient to defeat a summary judgment motion." Ellis v. England, 432 F.3d 1321, 1326 (11th Cir. 2005). Generally, we will not consider an issue not raised in the district court. Access Now, Inc. v. Southwest Airlines Co., 385 F.3d 1324, 1331 (11th Cir. 2004). We review a dismissal for lack of standing de novo. Scott v. Taylor, 470 F.3d 1014, 1017 (11th Cir. 2006).

First, we reject Dees' argument that the district court erred in granting summary judgment on his termination claim. USERRA provides that a member of the Armed Services "shall not be denied initial employment, reemployment, retention in employment, promotion, or any benefit of employment by an employer on the basis of that membership." 38 U.S.C. § 4311(a). Congress enacted USERRA "to encourage noncareer service in the uniformed services by eliminating or minimizing the disadvantages to civilian careers and employment which can result from such service" and "to minimize the disruption to the lives of persons performing service in the uniformed services as well as to their employers." 38 U.S.C. § 4301(a)(1), (a)(2). An employer violates these provisions if the employee's membership in the armed services "is a motivating factor in the employer's action, unless the employer can prove that the action

3

would have been taken in the absence of such membership." 38 U.S.C. § 4311(c)(1).

To establish a prima facie case under USERRA, a plaintiff must "show by a preponderance of the evidence that his protected status was a motivating factor," but that status need not be the sole cause as long as "it is one of the factors that a truthful employer would list if asked for the reasons for its decision." Coffman v. Chugach Support Servs., Inc., 411 F.3d 1231, 1238 (11th Cir. 2005) (citation and quotation omitted). "Indeed [m]ilitary status is a motivating factor if the defendant relied on, took into account, considered, or conditioned its decision on that consideration." Id. (quotation omitted). Because "discrimination is seldom open or notorious," circumstantial evidence is critical, and "[t]he court can infer discriminatory motivation under the USERRA from a variety of considerations," such as:

> proximity in time between the employee's military activity and the adverse employment action, inconsistencies between the proffered reason and other actions of the employer, an employer's expressed hostility towards members protected by the statute together with knowledge of the employee's military activity, and disparate treatment of certain employees compared to other employees with similar work records or offenses.

Id. (quotation omitted). "When the employee has met this burden, the burden shifts to the employer to prove the affirmative defense that legitimate reasons,

4

standing alone, would have induced the employer to take the same adverse action." Id. at 1238-39. Thus, in USERRA actions, "the [employer] must prove, by a preponderance of evidence, that the action would have been taken despite the protected status." Id. at 1239 (quotation omitted).

As a general rule, a discharge recommendation by a party with no decisionmaking power "may be actionable if the plaintiff proves that the recommendation directly resulted in the [adverse employment action]." See Stimpson v. City of Tuscaloosa, 186 F.3d 1328, 1331 (11th Cir. 1999) (Title VII case). However, in such cases, "causation must be truly direct[, and] the plaintiff must prove that the discriminatory animus behind the recommendation, and not the underlying employee misconduct identified in the recommendation, was an actual cause of the other party's decision to terminate the employee." Id. In proving that the discriminatory animus caused the adverse employment action, we recognize the "cat's paw" theory, where "causation may be established if the plaintiff shows that the decisionmaker followed the biased recommendation [of a nondecisionmaker] without independently investigating the complaint against the employee[, and] . . . the recommender is using the decisionmaker as a mere conduit, or 'cat's paw' to give effect to the recommender's discriminatory animus." Id. at 1332.

On the record here, the district court correctly found that Dees failed to establish through direct or circumstantial evidence that HMMA "relied on, took into account, considered, or conditioned its decision" to fire Dees on the basis of his military service. See Coffman, 411 F.3d at 1238. Dees admitted that he has no direct evidence that his military status motivated his termination, and denied knowing that a termination committee meeting even took place or who was involved in the decision. Dees testified that he believed he was fired due to his Guard obligations because it "seemed" that way and because "everything stemmed around [his] drill weekends," but these unsupported conclusory statements are insufficient to survive summary judgment. See Ellis, 432 F.3d at 1326. But evidence established that HMMA was aware of Dees's military obligations when he was hired in 2005, and that he was never disciplined for missing work due to Guard training. Further, HMMA's military policy provides for absences due to military obligation, and HMMA even pays the difference between military pay and regular wages for up to a month.

In addition, despite his assertions on appeal that other HMMA employees harassed him about his military obligations, Dees testified that, other than Greg Prater and John Applegate, no one had said anything to him about his military service. Because these two were the only HMMA supervisors that were openly

6

hostile towards Dees's military status, only their actions can be used to establish an inference that the termination committee had a discriminatory motive. See Coffman, 411 F.3d at 1238 (listing an employer's open hostility towards an employee's military status as circumstantial evidence of a discriminatory motive). However, Prater's actions should not be considered to establish a discriminatory motive for Dees's termination because Prater was not involved in the ultimate termination decision. Similarly, although Applegate was on the termination committee and recommended termination, Applegate testified that his only role in termination committee proceedings was to appear before it when one of his employees was considered for termination, but that he leaves before the deliberations.

Dees nonetheless argues that under the "cat's paw" theory, Applegate's recommendation to fire Dees directly resulted in his termination. However, we will not consider Dees's cat's paw argument because he did not specifically raise it before the district court. See Access Now, Inc., 385 F.3d at 1331. Moreover, to the extent that he did raise it, the "cat's paw" theory is inapplicable in the present case because the termination committee conducted an independent investigation, and no supervisor's discriminatory recommendation was the direct cause of Dees's termination. Stimpson, 186 F.3d at 1331. Therefore, the district court correctly

7

granted summary judgment to HMMA on Dees's termination claim under USERRA.

We also find no merit in Dees' claim that he had standing to bring his USERRA harassment claim. Standing presents a "threshold jurisdictional question of whether a court may consider the merits of a dispute." Elend v. Basham, 471 F.3d 1199, 1204 (2006). The three constitutional requirements for standing are as follows: (1) the plaintiff must have suffered or must face an imminent threat of a "concrete and particularized injury" resulting from "an invasion of a legally protected interest," (2) "the injury must have been caused by the defendant's complained-of actions," and (3) the "injury or threat of injury must likely be redressible by a favorable court decision." Fla. State Conference of N.A.A.C.P. v. Browning, 522 F.3d 1153, 1159 (11th Cir. 2008) (citation and quotation omitted).

USERRA provides that a uniformed service member may not be denied "any benefit of employment." 38 U.S.C. § 4311(a). Further, USERRA provides that a court may award three kinds of relief: (1) an injunction requiring an employer to comply with USERRA's provisions; (2) compensation for lost wages or benefits suffered by reason of the employer's failure to comply with USERRA, and (3) liquidated damages in an amount equal to lost wages or benefits if the employer's failure to comply with USERRA was willful. 38 U.S.C. § 4323(d)(1)(A)-(C).

8

Assuming without deciding that harassment or hostile work environment is a cognizable claim under USERRA, Dees lacks standing to bring such a claim. Dees admits that he has not suffered any lost wages or employment benefits resulting from the alleged harassment. Further, an injunction requiring HMMA to comply with USERRA would not benefit Dees as he is no longer an HMMA employee. While Dees relies on non-binding cases to establish that he can be granted "equitable relief," he only specifically mentions attorneys' fees. However, the statute provides for three specific remedies for USERRA violations and does not provide for other "equitable relief" or attorneys' fees. 38 U.S.C. § 4323(d)(1)(A)-(C). As such, Dees lacks standing to bring a USERRA harassment claim because he does not allege that he is entitled to any of the relief provided by USERRA. Accordingly, we affirm the district court's grant of HMMA's motion for summary judgment.

**AFFIRMED.**